**REVERSE and RENDER; and Opinion Filed August 26, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00916-CV

**DALLAS COUNTY REPUBLICAN PARTY AND MISSY SHOREY AS DALLAS COUNTY REPUBLICAN PARTY CHAIR, Appellants**
**V.**
**DALLAS COUNTY DEMOCRATIC PARTY AND CAROL DONOVAN AS DALLAS COUNTY DEMOCRATIC PARTY CHAIR, Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-00821-A**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Schenck

Appellants challenge the trial court's decision to dismiss their claims with prejudice and award attorney's fees to appellees. In three issues, appellants argue the trial court erred in concluding a political party lacks standing to sue another political party for injunctive relief against a violation of the election code; dismissing appellants' cause of action under rule 91a; and awarding appellees their attorney's fees. For the reasons discussed below, we reverse the portion of the trial court's order awarding attorney's fees. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

On January 19, 2018, appellants Dallas County Republican Party and Missy Shorey as Dallas County Republican Party Chair filed suit against appellees Dallas County Democratic Party

and Carol Donovan as the Dallas County Democratic Party Chair, challenging appellees' certification of over one hundred Democratic candidates' applications for a place on the Democratic Primary Ballot. In their petition, appellants alleged Donovan, as party chair, failed to properly certify the challenged candidates for inclusion on the primary ballot in violation of sections 141.037 and 172.029 of the election code. *See* TEX. ELEC. CODE ANN. §§ 141.037, 172.029. Appellants sought to enjoin appellees from including challenged candidates on the Democratic Primary Ballot and the General Election Ballot. Appellants also sought to enjoin appellees from declaring any of the challenged candidates administratively ineligible and replacing them with candidates of Donovan's choice so as to avoid a ruling in favor of appellants on the merits.

On January 24, appellees filed an answer that denied appellants' allegations and raised numerous affirmative defenses, as well as a motion to abate to allow joinder of all challenged candidates, the Texas Secretary of State, and the Dallas County Elections Administrator. The same day, appellees filed a plea to the jurisdiction, alleging the trial court lacked subject-matter jurisdiction for the following reasons: appellants lacked standing to challenge the eligibility of any Democratic candidates; appellants' claims were moot because absentee balloting began the day after appellants filed suit; and lack of justiciable controversy because Dallas County Democratic Party lacks any power over the ballots and thus declarative relief would have no legal effect and injunctive relief would similarly be unavailable. Appellees also filed a motion to dismiss pursuant to rule 91a of the Texas Rules of Civil Procedure, alleging three grounds: appellants' claims became moot when absentee balloting began on January 20; the Dallas County Republican Party lacked standing to challenge eligibility of another party's candidates; and the election code does not impose any signature requirement as alleged by appellants as the basis for relief.

On February 22, appellees filed an amended motion to dismiss pursuant to rule 91a, in which they alleged appellants' suit should be dismissed because:

(1) the Dallas County Republican Party lacked standing to challenge eligibility of another party's candidates;

(2) all of the Dallas County Republican Party's claims for relief in the primary election were moot;

(3) the Dallas County Republican Party's claims regarding any signature requirement ignored new regulations implemented by the Texas Secretary of State, rendering them incorrect; and

(4) even assuming allegations in pleadings were correct, Texas Supreme Court precedent required remedy of elimination of errors, not candidates.

Additionally, several of the challenged candidates filed pleas in intervention in this case, including Margaret Jones-Johnson ("Intervenor Jones-Johnson"). Intervenor Jones-Johnson filed an amended plea in intervention and plea to the jurisdiction in which she sought dismissal of appellants' claims on similar grounds as appellees, including mootness, standing, and lack of violation of the election code.

On April 20, the trial court conducted a hearing on the motion to dismiss and plea to the jurisdiction, and on April 23, the trial court signed an order granting both without indicating on which ground or grounds the court was granting the motion. The April 23 order further stated an award of costs and attorney's fees was mandatory pursuant to rule 91a, ordered appellees to submit evidence on attorney's fees no later than April 30, and ordered appellants to submit objections or present "further pertinent evidence" no later than May 7. On May 7, the trial court signed a Final Judgment Including Award of Attorney's Fees in which it awarded fees to the Dallas County Democratic Party and Intervenor Jones-Johnson, sustained the plea to the jurisdiction, and granted the 91a motion to dismiss. Late the night of May 7, appellants filed a response to appellees' request for attorney's fees and objections to evidence appellees presented on attorney's fees, and an objection to the trial court's ruling on attorney's fees before the ordered deadline of May 7 had

–3–

elapsed. On May 8, the trial court signed an order in which it considered appellants' objection to the timing of the ruling as a motion for reconsideration and set the motion for hearing on May 14. On May 14, the trial court signed an order overruling appellants' objection and "affirming" the final judgment signed May 7. Appellants requested, and the trial court entered, findings of fact and conclusions of law. In its findings of fact and conclusions of law, the trial court concluded appellants' claim were moot, appellants lacked standing to maintain the suit, and the Election Code does not impose a signature requirement. This appeal followed.

## DISCUSSION

After reviewing the notice of appeal, on September 11, 2018, this Court sent a letter to the parties in which we questioned our jurisdiction over the appeal, specifically whether the appeal had or would become moot before briefing was completed because the relief sought in the trial court would require alteration of the ballots and the deadline for mailing or emailing ballots to any voter who submits a federal postcard application was September 22, 2018. In response, appellants asserted they did not seek relief related to the election as "any relief regarding preparation of the ballot . . . would be mooted by the election schedule," but instead sought a ruling as to the appropriateness of the rule 91a dismissal and subsequent award of attorney's fees. Appellees agreed relief related to the election was moot and that this Court retained subject-matter jurisdiction over the trial court's award of attorney's fees.

The trial court found, and we agree, that appellants' requests for substantive relief were moot. *See In re Jones*, No. 05-18-00065-CV, 2018 WL 549531, at *3 (Tex. App.—Dallas Jan. 24, 2018, orig. proceeding). Nevertheless, appellants' challenge of the trial court's award of attorney's fees remains extant. *See Hanson v. JP Morgan Chase Bank, N.A.*, 346 S.W.3d 769, 774–75 (Tex. App.—Dallas 2011, no pet.). As discussed above, the trial court's judgment dismissing appellants'

–4–

claims awarded attorney's fees to appellees and to Intervenor Jones-Johnson "pursuant to the mandatory provisions of rule 91a.7."

We review the merits of a rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). Dismissal is appropriate under rule 91a "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought . . . [or] no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1. Whether the dismissal standard is satisfied depends "solely on the pleading of the cause of action." *Id.* 91a.6. Further, rule 91a provides that it "is in addition to, and does not supersede or affect, other procedures that authorize dismissal." *Id.* 91a.9.

## I.

The grounds raised in appellees' rule 91a motion to dismiss included: (1) lack of standing; (2) mootness; (3) lack of a violation of the election code; and (4) incorrect relief sought. Standing and mootness may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment, or even raised *sua sponte*. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000);[1] *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). Mootness may be related to standing. For a plaintiff to have standing, we have said, a controversy must exist between the parties at every stage of the legal proceedings. *See City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App.—Dallas 2010, no pet.) Thus, the first two grounds of appellees' rule 91a motion to dismiss could have been raised by other vehicles, *i.e.*, a

---

[1] Attorney's fees are not awarded in a successful plea to the jurisdiction or motion for summary judgment, unless fees are allowed for the underlying claim. Texas follows the "American rule" that attorney's fees paid to prosecute or defend a lawsuit cannot be recovered in that suit absent a statute or contract that allows for their recovery. *See Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240 (1975); *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.,* 299 S.W.3d 106, 120 (Tex. 2009). The Texas summary judgment statute does not provide for attorney's fees and there is also no statute that provides for fees following a successful plea to the jurisdiction. *See* TEX. R. Civ. P. 85; TEX. R. Civ. P. 166a.

plea to the jurisdiction or motion for summary judgment.  Indeed, appellees did raise these grounds in a plea to the jurisdiction, but the trial court did not, and could not, award attorney's fees in conjunction with a grant of a plea to the jurisdiction.  *See Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 120 (Tex. 2009) (the rule in Texas is attorney's fees paid to prosecute or defend a lawsuit cannot be recovered in that suit absent a statute or contract that allows for their recovery).

In this case, appellees claim entitlement to attorney's fees under rule 91a, claiming their motion is an appropriate vehicle through which to seek dismissal on the grounds asserted.  Leaving aside for the moment whether a jurisdictional attack arises under the rule simply because it might be brought with it, "we [typically] look to the substance of a motion to determine the relief sought, not merely to its title" in determining its effect.  *Surgitek*, *Bristol–Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999).  The text of rule 91a.1 reads as follows[2]:

> Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact.  A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.  A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a.  On its face, the rule addresses the merits of the claim.  Nowhere in the four corners of the rule is jurisdiction mentioned.  Nevertheless, appellees urge that because jurisdiction may be entertained alongside the merits inquiry in rule 91a, all such dismissals should carry fee-shifting under that rule and invite us to be the first court to announce that result.  We decline the invitation.

---

[2] The Texas Supreme Court has approved an order amending the language of TEX. R. CIV. P. 91a. However, that order goes into effect on September 1, 2019.  Because the events in this case occurred prior to that date, we do not address the amended language.

## II.

A dismissal under 91a is a judgment on the merits and presumably carries res judicata implications. *See Richards v. Newport Strategic Search, Inc.*, No. 3:16-CV-0169-B, 2016 WL 10906448, at *2 (N.D. Tex. May 12, 2016) ("Though not identical to the Rule 12(b)(6) standard, the Texas Courts of Appeals have interpreted Rule 91a as essentially calling for a Rule 12(b)(6)-type analysis and have relied on the Rule 12(b)(6) case law in applying Rule 91a") (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist. 2014], pet. denied); *GoDaddy.com, LLC v. Toups*, 429 S.W.752, 754 (Tex. App.—Beaumont 2014, pet. denied)); *see also Stevens v. Bank of Am., N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) (noting that a federal court's dismissal with prejudice of a 12(b)(6) motion is a final judgment on the merits for res judicata purposes). In contrast, subject matter jurisdiction is a prerequisite to entertaining the merits, and whenever a court finds a lack of jurisdiction it is obligated to go no further and dismiss. *See Stauffer v. Nicholson*, 438 S.W.3d 205, 214 (Tex. App.—Dallas 2014, no pet.). Such a judgment is, per force, not one "on the merits." *See Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017).

No Texas case to date has held that a dismissal for lack of subject matter jurisdiction arises under rule 91a for purposes of its mandatory fee shifting provision.[3] Appellees nevertheless urge that the Texas Supreme Court, through *Sanchez*, has grafted jurisdiction into rule 91a's reach, rendering every jurisdictional case a rule 91a case and allowing for the recovery of attorney's fees. In *Sanchez* the Texas Supreme Court recognized that the dismissal grounds under rule 91a have been analogized to a plea to the jurisdiction. *Sanchez*, 494 S.W.3d at 724. The court acknowledged that the rule 91a motion in that case challenged the court's subject-matter jurisdiction on the

---

[3] Prospectively operative amendments have made fee awards discretionary. They are inapplicable to this judgment in appeal, as they predate the change.

pleaded facts. *Id*. at 725. However, the court did not find rule 91a to be the vehicle through which a challenge to subject-matter jurisdiction would arise, because the city did not challenge the vehicle through which Sanchez sought dismissal. Instead, the court analogized the plea to jurisdiction procedures and addressed the merits of the jurisdiction issue through the Texas Tort Claims Act, which makes the jurisdiction and liability analysis coterminous. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) ("[t]he Tort Claims Act creates a unique statutory scheme in which the . . . immunities to suit and liability are co-extensive"). Borrowing a standard or applying it as an analogy obviously does not convert the basis on which the motion arises. *Schronk v. City of Burleson*, 387 S.W.3d 692 (Tex. App.—Waco 2009, pet. denied) (accepting analogy between plea to jurisdiction and summary judgment standards but rejecting consequent borrowing of procedures as a result).

*Sanchez* ultimately reversed a judgment of this court that had declined to dismiss a claim against the City of Dallas, rendering judgment under rule 60.2(c), rather than remanding for further proceedings, without discussing any need to consider the potential for mandatory fee shifting. Regardless, *Sanchez* hardly purports to treat jurisdictional determinations under rule 91a as a basis for the award of fees. At best, it is simply silent on the question presented here. In fact, no Texas case has ever awarded attorney's fees under rule 91a.7 where the dismissal resulted from a lack of subject matter jurisdiction. In these circumstances rule 91a is not the "vehicle" by which the case is disposed and, conversely, jurisdiction is not a "ground" to which 91a is directed. *See Bristol–Myers Corp.*, 997 S.W.2d at 601.[4]

---

[4] Appellees have also directed us to *Data Foundry, Inc. v. City of Austin*, 575 S.W.3d 92 (Tex. App.—Houston [14th Dist.] 2019, no pet.). The court in *Data Foundry* cites *Sanchez* for the proposition that "Rule 91a may be used, as it was here, to challenge the trial court's subject-matter jurisdiction." *Id*. at 96. Standing is jurisdictional and may be raised at any time and by any manner. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000). Nothing in the *Data Foundry* opinion addresses the fee-shifting question before us.

## III.

As discussed above, the trial court's judgment dismissing appellants' claims awarded attorney's fees to appellees and to Intervenor Jones-Johnson "pursuant to the mandatory provisions of rule 91a.7." Rule 91a.7 exempts from its mandatory fee provision "an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law[.]" *See* TEX. R. CIV. P. 91a.7. Appellants argue that Donovan is a "public official" under the rule. Appellees dispute this classification. Because we do not read *Sanchez* as going as far appellees claim it does, we pretermit the question of whether a party chair is a public official under 91a.7 to which the exemption from mandatory fees would apply. *See* 47.1.

## IV.

As for the third and fourth grounds of appellees' 91a motion to dismiss, both seek to resolve appellants' claims on their merits. In light of our conclusion that dismissal for lack of jurisdiction was proper, the trial court lacked jurisdiction to reach the merits. *Stauffer*, 438 S.W.3d at 214. Accordingly, any ruling on the merits of the 91a motion would be inappropriate. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding (per curiam)); *Doan v. TransCanada Keystone Pipeline, LP*, 542 S.W.3d 794, 806 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

### CONCLUSION

We reverse the portion of the trial court's judgment awarding attorney's fees to appellees and Intervenor Jones-Johnson.

/David J. Schenck/
————————————————————
DAVID J. SCHENCK
180916F.P05                                    JUSTICE

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DALLAS COUNTY REPUBLICAN
PARTY, ET AL., Appellants

No. 05-18-00916-CV     V.

DALLAS COUNTY DEMOCRATIC
PARTY, ET AL., Appellees

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-18-00821-A.
Opinion delivered by Justice Schenck.
Justices Osborne and Reichek participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** with respect to the award of attorney's fees and judgment is **RENDERED** that appellees take nothing as to their claim for attorney's fees and that appellees' claims for relief related to the election are dismissed for lack of jurisdiction.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 26th day of August, 2019.