# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2021

Lyle W. Cayce
Clerk

No. 20-10954
Summary Calendar

Dina Senga Kaswatuka,

*Plaintiff—Appellant*,

*versus*

Dallas/Fort Worth International Airport Board,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:20-CV-495

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Dina Kaswatuka, *pro se*, sued the Dallas/Fort Worth International Airport Board ("DFW"). The district court dismissed on the merits. Kaswatuka filed a second complaint with the same factual allegations and legal

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10954

bases.  The district court dismissed on the merits and, alternatively, on *res judicata*.  We affirm.

I.

Kaswatuka was a Transportation Security Administration ("TSA") agent at the DFW Airport.  She alleged that on September 9, 2019, she reported her manager to the airport police because he had threatened to fire her.  She claims that the police wouldn't take her report.  She also filed a report with the Equal Employment Opportunity Commission ("EEOC").

On September 28, Kaswatuka had a phone interview with an EEOC investigator during her shift at work.  She claims that the police interrupted that interview with a "welfare check," accused her of planning a shooting, and conducted a psychological examination.  They concluded that Kaswatuka was paranoid.  They also accused her of hating America and Caucasians.  She asked to stop the investigation, which the officers ignored.

Kawatuka claims discrimination on two grounds.  First, she asserts that the officers conspired to protect her white manager, whom she reported.  Second, she contends that, because she is a black female from the Congo who suffers from post-traumatic stress disorder, the police falsely accused her.

Kaswatuka makes various other allegations.  First, the police harassed her and hid her food, keys, and other equipment.  Second, they refused to press charges after an airline passenger had assaulted her.  Third, the police charged Kaswatuka's representative in her EEOC complaint with assault and removed him.

On February 27, 2020, Kaswatuka sued DFW, alleging discrimination based on race, gender, disability, and national origin.  The district court dismissed on the merits. *Kaswatuka v. DFW Airport Police*, No. 4:20-CV-192-A, 2020 WL 2086492, at *5 (N.D. Tex. Apr. 29, 2020).  On May 15, 2020,

No. 20-10954

Kaswatuka filed a second suit against DFW. As the district court noted, the May 15 complaint was "identical" to the one filed on February 27. The court dismissed on the merits under Federal Rule of Civil Procedure 12(b)(6) and, alternatively, based on *res judicata*. Kaswatuka appeals the dismissal of that second suit. Our review is *de novo. Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

## II.

DFW contends that *res judicata* bars Kaswatuka's claims. We agree.

Although a defendant ordinarily must raise *res judicata* "as an affirmative defense," a Rule 12(b)(6) dismissal "is appropriate if the *res judicata* bar is apparent from the complaint . . . and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (cleaned up). Kaswatuka didn't bring any such challenge.

Thus, we determine whether *res judicata* is apparent from the complaint. It is.

> Res judicata is appropriate if: 1) the parties to both actions are identical (or at least in privity); 2) the judgment in the first action is rendered by a court of competent jurisdiction; 3) the first action concluded with a final judgment on the merits; and 4) the same claim or cause of action is involved in both suits.

*Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000).

First, the parties to both actions are identical. Although, in her first complaint, Kaswatuka pleaded an incorrect name for DFW, the district court noted that the proper party, the "Dallas/Fort Worth International Airport Board," was the defendant. *Kaswatuka*, 2020 WL 2086492, at *1.

3

No. 20-10954

Second, Kaswatuka sued under 42 U.S.C. § 1983, raising a federal question. *See, e.g.*, *Williams v. Missildine*, No. 01-41109, 2002 WL 432653, at *1 (5th Cir. Mar. 1, 2002) (per curiam). Thus, the court was of competent jurisdiction.

Third, the district court dismissed Kaswatuka's claim with prejudice. *Kaswatuka*, 2020 WL 2086492, at *5. And that constitutes "a final judgment on the merits for res judicata purposes." *Stevens v. Bank of Am., N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) (per curiam).

Fourth, both suits involve "the same claim or cause of action." *Ellis*, 211 F.3d at 937. In both, Kaswatuka claims that she was falsely accused of planning a shooting and that airport police and TSA management were collaborating. *Kaswatuka*, 2020 WL 2086492, at *1. In both suits, she claims that those accusations were retaliatory. *Id.* In both, she claimed discrimination based on her "race, gender, post-traumatic stress disorder, and national origin." *Id.* at *4. In both suits, she raises Fourth and Fifth Amendment claims. *Id.* at *3. In both, she sought relief under the Americans with Disabilities Act and the Civil Rights Act. *Id.* at *4–5. As the district court put it, the complaints were "identical."

In general, "a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (cleaned up). But "if a complaint alleges the plaintiff's best case, there is no need to remand." *Id.* at 327. We thus ask whether "[w]e can perceive of [a] viable claim" that a plaintiff "could include in an amended petition with regard to these underlying facts." *Id.* We perceive none. The court, therefore, did not err by dismissing with prejudice.

AFFIRMED.

4